**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

GLEN A. MAYS,                               :                Civil No. 08-5214 (GEB)

           Plaintiff,         :

         v.                       :                **OPINION**

JON CORZINE, et al.,                        :

           Defendants.        :

---

**APPEARANCES**:

    GLEN A. MAYS, #615223/743493D
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey 08625
    Plaintiff pro se

    SUSAN M. SCOTT, DEPUTY ATTORNEY GENERAL
    ANNE MILGRAM, ATTORNEY GENERAL OF NEW JERSEY
    P.O. Box 112
    Trenton, New Jersey 08625
    Attorneys for Defendants

RECEIVED

SEP 2 5 2009

AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

**BROWN, JR.**, Chief Judge

    Plaintiff Glen A. Mays, a pretrial detainee who is confined in protective custody at New Jersey State Prison, filed a Complaint pursuant to 42 U.S.C. § 1983 alleging that the conditions of his confinement violate his constitutional rights protected by the Fourteenth Amendment of the United States Constitution.  The defendants are George Hayman, Commissioner of the New Jersey Department of Corrections; Michelle Ricci, Administrator of NJSP; and Donald Mee,

Associate Administrator of NJSP.[1]  Before the Court is defendants' motion to dismiss the complaint and/or for summary judgment.  Defendants argue that the Complaint should be dismissed because Plaintiff failed to exhaust available administrative remedies, as required by 42 U.S.C. § 1997e(a).  Plaintiff was served with the motion, but has not filed responsive papers.  For the reasons set forth below and pursuant to Rule 78 of the Federal Rules of Civil Procedure, this Court will grant defendants' motion and dismiss the Complaint for failure to exhaust available administrative remedies.

## I. BACKGROUND

Plaintiff asserts that he is a pretrial detainee who was confined at the Sussex County Jail from December 28, 2006, until August 15, 2008, when he was transferred to New Jersey State Prison.  Plaintiff maintains that the conditions in the area of NJSP wherein he is housed are unconstitutionally harsh for a pretrial detainee.  He asserts that the showers contain bacteria from inmates who are sick with various contagious infections; the housing area is unsanitary and exposes him to HIV, Hepatitis C, and tuberculosis; his housing area has peeling lead paint; his cell contains numerous rodents and has inadequate ventilation, which exacerbates the health risks he faces.  Notably, Plaintiff used a prisoner civil rights complaint form and in response to the question asking if he has sought relief from the appropriate administrative officials regarding the acts complained of, Petitioner checked "No."  (Compl. ¶ 5.)  As their responsive pleading, defendants filed a motion to dismiss the Complaint and/or for summary judgment based on Plaintiff's failure to exhaust administrative remedies.

---

[1]  This Court's Order entered December 1, 2008, dismissed Jon Corzine and Mercer County as defendants.

## II.  STANDARD FOR DISMISSAL

The Supreme Court recently refined the failure to state a claim standard in <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937 (2009).  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure, which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).[2]  Citing its recent opinion in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" <u>Iqbal</u>, 129 S. Ct. at 1949 (quoting <u>Twombly</u>, 550 U.S. at 555), the Court identified two working principles underlying <u>Twombly</u>:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."  Fed. Rule Civ. Proc. 8(a)(2).

<u>Iqbal</u>, 129 S. Ct. at 1949-1950 (citations omitted).

The United States Court of Appeals for the Third Circuit instructed District Courts how to conduct the failure to state a claim analysis under <u>Iqbal</u>:

---

[2] Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required."  Fed. R. Civ. P. 8(d).

> First the factual and legal elements of a claim should be separated.
> The District Court must accept all of the complaint's well-pleaded
> facts as true, but may disregard any legal conclusions. Second, a
> District Court must then determine whether the facts alleged in the
> complaint are sufficient to show that the plaintiff has a plausible
> claim for relief. In other words, a complaint must do more than
> allege the plaintiff's entitlement to relief. A complaint has to show
> such an entitlement with its facts.

Fowler v. UPMC Shadyside, __ F. 3d __, 2009 WL 2501662 at *5 (3d Cir. Aug. 18, 2009)

(citations and internal quotation marks omitted); see also McTernan v. City of York, __ F. 3d __,

2009 WL 2581430 at *8-*9 (3d Cir. Aug. 24, 2009). The Court is mindful that the sufficiency of

this pro se pleading must be construed liberally in favor of the plaintiff, even after Iqbal. See

Erickson v. Pardus, 551 U.S. 89 (2007). With these precepts in mind, the Court will determine

whether the Complaint should be dismissed.

### III.  DISCUSSION

Defendants correctly state that the Prison Litigation Reform Act ("PLRA"), Pub. L. No.

104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), contains an administrative

exhaustion requirement for prisoners seeking relief for prison conditions; the statute provides:

> No action shall be brought with respect to prison conditions under
> section 1983 of this title, or any other Federal law, by a prisoner
> confined in any jail, prison, or other correctional facility until such
> administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The exhaustion requirement is mandatory. See Woodford v. Ngo, 548 U.S. 81, 85 (2006)

("Exhaustion is no longer left to the discretion of the district court, but is mandatory"); Booth v.

Churner, 532 U.S. 731, 734 (2001) (prisoners must exhaust available administrative remedies,

even where the relief sought cannot be granted in the administrative process). And district courts

4

are authorized to dismiss inmate complaints pursuant to 42 U.S.C. § 1997e(a) when the failure to

exhaust administrative remedies is apparent from the face of the complaint. See Jones v. Bock,

549 U.S. 199, 215 (2007) (while exhaustion under § 1997e(a) is an affirmative defense rather

than a pleading requirement, "that is not to say that failure to exhaust cannot be a basis for

dismissal for failure to state a claim . . . . Whether a particular ground for opposing a claim may

be the basis for dismissal for failure to state a claim depends on whether the allegations in the

complaint suffice to establish that ground, not on the nature of the ground in the abstract); Pena-

Ruiz v. Solorzano, Fed. App'x 110, 112 n.3 (3d Cir. 2008) ("Although failure to exhaust

administrative remedies is generally an affirmative defense to be pleaded by the defendant, we

have recognized that a district court has the inherent power to dismiss sua sponte a complaint

such as this one which facially violates a bar to suit"); Ray v. Kertes, 285 F. 3d 287, 295 n.5 (3d

Cir. 2002) (where "the plaintiff-prisoners explicitly conceded their failure to exhaust

administrative remedies [on the face of the complaint, such] dismissals would thus fall within a

district court's inherent power to dismiss sua sponte a complaint which facially violates a bar to

suit").

New Jersey prison regulations set forth a two-step Inmate Remedy System which permits

inmates to "formally communicate with correctional facility staff to request information from,

and present issues, concerns, complaints or problems to the correctional facility staff." N.J.

ADMIN. CODE § 10A:1-4.1(a)(1) (effective June 16, 2008). Under the first step, an inmate

deposits either a Routine Inmate Request, an Interview Request, or an Urgent Request, in a

designated collection box. See N.J. ADMIN. CODE §§ 10A:1-4.4(f); 10A:1-4.5. Correctional

facility staff must review and respond to the initial request "within 30 calendar days unless the

request is determined to be an urgent request or a request is determined to require further

deliberation." N.J. ADMIN. CODE § 10A:1-4.5(e).  If the inmate is dissatisfied with the response,

then he or she may submit an Administrative Appeal within 10 calendar days.  See N.J. ADMIN.

CODE § 10A:1-4.6(b).  The prison administrator or designee must respond to the appeal within 10

business days.  See N.J. ADMIN. CODE § 10A:1-46.(c).  The Administrative Appeal is the final

level of review and completes the administrative exhaustion process.[3]  See N.J. ADMIN. CODE §

10A:1-4.6(d).

As previously stated, Plaintiff's Complaint in this case is on a prisoner civil rights

complaint form.  In response to the question on the form which asks whether Plaintiff has

exhausted available administrative remedies, Plaintiff checked the "No" box and gave the

following explanation:

> Because the involved Defendants all have a serious job that
> consists of responsibility.  Running a sufficient business takes that
> responsibility to a level beyond a remedy that does not get this
> situation resolved.

(Compl. ¶ 5.)

Because exhaustion is mandatory and it is clear from the face of the Complaint that

Plaintiff has not exhausted available administrative remedies, this Court will grant the motion

and dismiss the Complaint without prejudice for failure to exhaust administrative remedies.[4]

---

[3] The regulations specify that the Inmate Remedy System, including an appeal, "must be
utilized and fully exhausted prior to an inmate filing any legal action regarding information
requests, issues, concerns, complaints, or problems." N.J. ADMIN. CODE § 10A:1-4.4(d).

[4] As the dismissal is not on the merits, it is without prejudice to Plaintiff's filing a new
complaint asserting his federal claims after he has exhausted administrative remedies.

## IV.  CONCLUSION

The Court grants Plaintiff's defendants' motion and dismisses the Complaint for failure to exhaust administrative remedies.

**GARRETT E. BROWN, JR.**
**Chief Judge**

Dated: _September 24_, 2009